IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUMAR D. SIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-cv-959-WKW |
| ) | |
| SGT. MILLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jumar Sims, a former state inmate, in which he challenges the constitutionality of actions that occurred during a prior term of incarceration at the Alexander City, Alabama Work Release Center.

Based on circumstances present in this case, the court entered an order on July 6, 2017 requiring "that on or before July 17, 2017 the plaintiff shall (i) advise the court of whether he seeks to proceed with this cause of action, (ii) provide/verify his current address, and (iii) show cause why he has failed to file a response to the defendants' special report in compliance with the orders of this court." Doc. 31.  This order "specifically cautioned [Sims] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed." Doc. 31.

As of the present date, Sims has failed to respond to this order.  This case cannot properly proceed without his participation.  The court has considered whether a sanction

less distract than dismissal would be appropriate, but finds that Sims' failure to respond to the court's order indicates an abandonment of this action. In addition, his *in forma pauperis* status raises concerns as to the efficacy of a monetary fine or other sanction in bringing Sims in compliance with the court's orders and in ensuring his participation in this litigation. Consequently, the court concludes that dismissal of this action is appropriate. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

The parties may file objections to the Recommendation on or before **August 10, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 27th day of July, 2017.

                                       /s/ Gray M. Borden
                                     GRAY M. BORDEN
                                   UNITED STATES MAGISTRATE JUDGE